# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

MARVELLA WILLIAMS,

    Plaintiff,

v.

    Case No.: GJH-17-0806

ESA MANAGEMENT, LLC,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Marvella Williams initiated this personal injury lawsuit on February 7, 2017, in the Circuit Court for Montgomery County, Maryland; the suit was subsequently removed to this Court on March 22, 2017. ECF No. 1. On March 30, 2017, the Court issued a Scheduling Order, instructing the parties to complete discovery (including depositions and interrogatories) by July 30, 2017. ECF No. 10. On July 10, 2017, Defendant filed a Motion to Compel Plaintiff's Responses to Defendant's First Interrogatories and Requests for Production of Documents, and on July 31, 2017—the day after the Court had instructed the parties to complete discovery—Defendant filed a Motion to Compel Plaintiff's Deposition. ECF No. 12; ECF No. 13. On August 25, 2017, the Court granted Defendant's Motions, and ordered that Plaintiff was to "serve responses to Defendant's interrogatories and requests for production of documents no later than September 8, 2017" and to "respond to Defendant's request for fees and expenses no later than September 22, 2017, and show cause why the Court should not grant Defendant's request." ECF No. 18. The Court made abundantly clear that "a failure to comply with this order may result in sanctions, including dismissal of this action, pursuant to Rule 37 (b)(2)(A)(v)." *Id.*

The Court also ordered that Defendant was to submit evidence of its fees and costs expended in preparing its Motions to Compel. *Id.*

Following the Court's August Order, on September 8, 2017, counsel for Defendant submitted an affidavit detailing the time that she spent preparing Defendant's Motions to Compel. ECF No. 19. The September 22, 2017, deadline for Plaintiff to respond to Defendant's request for fees and show cause why the request should not be granted passed without a filing from Plaintiff. On September 29, 2017, Defendant filed a Motion to Dismiss, ECF No. 22, which Plaintiff opposed on October 19, 2017, ECF No. 24. On November 14, 2017, Plaintiff filed an Amended Motion for Summary Judgment,[1] ECF No. 26, which Defendant opposed on November 22, 2017, ECF No. 27.

## I. DISCUSSION

Now pending before the Court are Defendant's Motion to Dismiss, ECF No. 22, and the matter of Defendant's attorney's fees and costs. The Court addresses these in turn below.[2]

### A. Motion to Dismiss

In its Motion to Dismiss, Defendant states that it sent Plaintiff Word versions of its discovery requests, along with a copy of the Court's order, in an attempt to facilitate discovery. ECF No. 22-1 at 2.[3] On September 8, 2017—the deadline the Court imposed for Plaintiff to respond to Defendant's discovery—Defendant had still not received responses. *Id.* On September 13, 2017, Defendant followed up with Plaintiff, inquiring as to the delay. Receiving no response from Plaintiff, Defendant again reached out on September 15, 2017, to inquire as to the delay. *Id.* Finally, on September 19, 2017—eleven days after the Court's deadline and a mere two days

---

[1] Plaintiff filed an initial Motion for Summary Judgment on August 15, 2017. ECF No. 16.
[2] Because the Court grants Defendant's Motion to Dismiss, it will deny Plaintiff's Amended Motion for Summary Judgment, ECF No. 26, as moot.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

before Plaintiff's scheduled deposition—Plaintiff delivered partial responses to Defendant's Interrogatories. At the time, she did not respond to Defendant's Requests for Production of Documents. *Id.* Plaintiff did not respond to the requests, and instead complained that she was confused as to the documents she needed to provide, that Defendant had served too many interrogatories, and that it would be difficult for her to obtain her medical records, which were in storage. *Id.* at 2–3. Defendant argues that Plaintiff has acted in bad faith by refusing to respond to its discovery requests, and that Defendant has been prejudiced as it is "precluded from preparing a proper defense"; as such, Defendant asks the Court to dismiss Plaintiff's claim with prejudice as a sanction for failure to follow this Court's Order. *Id.* at 4.

In her opposition brief, Plaintiff complains that she "was in good faith trying to decipher how to obtain said Discovery requests," and that some of the documents are difficult to obtain. ECF No. 24 at 3. She further argues that she provided all "records that she believed to be relevant" and "generously granted access to any and all of her medical records pertaining to this case." *Id.* at 4.

Federal Rule of Civil Procedure 41(b) provides that a Defendant "may move to dismiss the action or any claim against it" where the Plaintiff has failed to prosecute the action or comply with the Rules or the Court's orders. Fed. R. Civ. P. 41(b). Rule 37 also provides that the court may "dismiss [ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). The court considers four factors before ordering dismissal under Rule 41(b): "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *See Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir.1982). The four

3

factors to be considered for a Rule 37 dismissal are similar: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *White v. Shoppers Food Warehouse Corp.*, No. JKS-11-1955, 2013 WL 599105, at *2 (D. Md. Feb. 14, 2013). While the factors under Rule 37 and Rule 41 are largely similar, the Rule 37 analysis looks to the "need for deterrence," while the Rule 41 analysis looks to "the existence of a history of deliberately proceeding in a dilatory fashion." These factors are instructive but not dispositive, and the fact that a plaintiff was previously warned that future noncompliance could result in dismissal may further weigh in favor of dismissal with prejudice, even where one of the factors is not met. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (reasoning that the factors "are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case. Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact").

Here, all four factors weigh in favor of dismissing Plaintiff's case with prejudice both under Rule 37 and Rule 41. First, with regard to the personal responsibility and bad faith of Plaintiff, Plaintiff has now failed to comply with multiple discovery requests, as well as the Court's express order. *See White*, 2013 WL 599105 at *2 (in finding that plaintiff satisfied first factor, reasoning that "noncompliance with discovery orders supports a finding of bath faith" (citation omitted)). Second, as in *White*, Defendant has been prejudiced in two respects. Defendants have been unable to prepare even a basic defense because Plaintiff has failed to produce sufficient discovery. Additionally, Plaintiff's noncompliance has led Defendant to file numerous motions to enforce the discovery requests, causing Defendants added expense,

4

aggravation and delay. *See, e.g.*, ECF No. 12, ECF No. 13, ECF No. 22. Third, Plaintiff's nonresponsive conduct must be deterred as it is extensive and ongoing, and "undermines the court's ability to manage the case effectively and fairly"; as such, "the need for deterrence is high." *White*, 2013 WL 599105 at *2. Finally, a lesser sanction will not be effective. The Court has previously warned Plaintiff that noncompliance with its orders will lead to dismissal, yet Plaintiff continues her pattern of noncompliance. Even faced with the threat of monetary sanctions in the Court's August 25, 2017, Order, ECF No. 18, Plaintiff still refused to comply with the Court's express scheduling requirements. There is no lesser sanction that will be effective. *Id.* Furthermore, the fact that Plaintiff was expressly warned that her noncompliance would result in dismissal further weighs in favor of dismissing the case with prejudice. *Id.* The Court is cognizant of the fact that dismissal should be relied on as only a last measure, particularly where a plaintiff is *pro se*. However, *pro se* plaintiffs must comply with the Court's orders and the Federal Rules, and are not immune from involuntary dismissal. *See, e.g., Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (affirming district court's dismissal of *pro se* plaintiff's case for failure to comply with court order). Plaintiff has repeatedly demonstrated that she is not willing to comply with the requirements of pursuing her claim under the rules of this Court; thus, her Complaint is dismissed with prejudice.[4]

### B. Attorney's Fees and Costs

Along with its previously granted Motions to Compel, Defendant requested that Plaintiff pay its attorney's fees and costs incurred with filing the Motions. Federal Rules of Civil Procedure Rule 37(a)(5)(A) provides in relevant part that:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be

---

[4] Having granted Defendant's Motion to Dismiss, the Court also denies Plaintiff's Motion for Summary Judgment, ECF No. 16, and Amended Motion for Summary Judgment, ECF No. 26, as moot.

5

heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

In its August 25, 2017, Order, the Court granted Defendant's request for fees and expenses incurred in filing the Motion to Compel and ordered that:

> Plaintiff shall respond to Defendant's request for fees and expenses no later than September 22, 2017, and show cause why the Court should not grant Defendant's request. To reiterate, Plaintiff must show the Court why her failure to respond to Defendant's discovery requests was "substantially justified" or why "other circumstances make an award of expenses unjust."

ECF No. 18 at 3. Plaintiff did not file a response to Defendant's request for fees and expenses, and has not showed cause why the Court should not grant Defendant's request. On September 8, 2017, Defendant's counsel submitted an affidavit affirming the costs that Defendant incurred in filing the Motions to Compel. ECF No. 19. She states that she spent 3.7 hours preparing Defendant's Motion to Compel Plaintiff's Responses to Defendant's First Interrogatories and Requests for Production of Documents, ECF No. 12, and 3.3 hours preparing Defendant's Motion to Compel Plaintiff's Deposition, ECF No. 13, for a total of 7 hours. ECF No. 19 at 1. Defendant was billed at a rate of $163/hour. *Id.* at 2. Although the affidavit does not indicate how many years of experience counsel has, pursuant to the Local Rules, $163/hour is a presumptively reasonable rate even for lawyers with less than five years of experience. *See* Local Rule App. B(3) (D. Md. 2016). As such, the Court awards Defendant attorney's fees in the amount of $1,141.00.

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 22, is hereby granted. Furthermore, the Court awards attorney's fees in the amount of $1,141.00. A separate Order shall issue.

Date: February 7, 2018

_____
GEORGE J. HAZEL
United States District Judge